UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-337(1) (KMM/JFD)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. SHAWN GRYGO,

      Defendant.

**UNITED STATE'S MOTION FOR PROTECTIVE ORDER**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Harry M. Jacobs, Assistant United States Attorney, respectfully submits the below consolidated responses to Defendant Grygo's pre-trial motions.

### A. Defendant's Motion for Bill of Particulars (Dkt. #65)

Defendant Grygo has moved for a bill of particulars. Dkt. #65.

An indictment is "legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution." *United States v. Wessels*, 12 F. 3d 746, 750 (8th Cir. 1993) (*citing United States v. Young*, 618 F.2d 1281, 1286 (8th Cir. 1980)). An indictment is sufficient "unless it is so defective that it cannot be said, by any reasonable

construction, to charge the offense" with which the defendant is charged. *United States v. Sewell*, 513 F.3d 820. 821 (8th Cir. 2008). As a general matter, an indictment will be held sufficient if it tracks the language of the charging statute. *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008).

The district court has discretion to grant or deny a motion for a bill of particulars. *United States v. Bowie*, 618 F.3d 802, 817 (8th Cir. 2010). Courts will only order the government to produce a bill of particulars when the indictment is so vague that the defendant cannot tell what he is charged with. On the other hand, a bill of particulars is "not to be used to provide detailed disclosure of the government's evidence at trial." *Wessels*, 12 F.3d at 750. Moreover, "[a] bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011) (*quoting United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir 2009)).

Yet discovery is exactly what Grygo seeks through this motion. She seeks to require the government to provide more details about the fraud scheme described in detail over numerous pages in the Indictment by propounding a list of questions she would like to have the government answer about its evidence and its theory of the case. But a bill of particulars is not intended to be a substitute for discovery, nor is it designed to provide information that the

2

defendant might regard as generally helpful, but which is not essential to his defense. *Wessels*, 12 F.3d at 750.

Grygo cites no Circuit or District authority in support of his contention that she is entitled to a bill of particulars in a case alleging a fraud scheme. Indeed, in fraud cases like this one, in which the defendant is charged in a speaking indictment that details the fraud scheme, courts in this district have routinely denied motions for bills of particulars in which the defendant seeks to effectively require the government to respond to interrogatories regarding its evidence and theory of the case.

For example, in *United States v. Belfrey*, the district court affirmed the magistrate judge's denial of the defendants' motions for a bill of particulars in a health care and tax fraud case. 2016 WL 1301085, at *3 (D. Minn. Apr. 1, 2016). The defendants sought answers to a laundry list of questions similar to those Grygo has posed in this case:

> (1) the manner and means by which each defendant failed to truthfully account for withheld taxes; (2) the obligation for accounting and paying withheld taxes for entities in which a particular defendant held no interest; (3) the means and manner in which each defendant violated 42 U.S.C. § 1320a-7(i)(3); (4) identification of the law which criminalizes [defendant 1's] concealment of his association with Model Health Care or Integrated; (5) the manner and means of [Defendant's 1's] concealment of his association with Model Health Care or Integrated; (6) the manner and means by which [Defendant 2] cooperated in [Defendant 1's] concealment of his association with Model Health Care or Integrated; (7) the manner and means by which [Defendant 2] participated in naming the owner of Model;

3

and (8) details regarding [Defendant 1] being an alleged manager or owner of Integrated.

*Id.* at *1. The district court denied the defendants' motions, stating, "With respect to the health care fraud allegations, the Indictment identifies by name the businesses through which Defendants allegedly obtained reimbursements from Medicaid in violation of [Defendant 1's] 2004 exclusion order." *Id.* at *3. The district court found that this was "enough information to adequately inform Defendants of the charges against them to enable the preparation of a defense and avoid surprise at trial." *Id.* In addition, the district court noted that the level of detail in the indictment "matche[d] that in other cases where the court denied a motion for a bill of particulars." *Id.* (*citing*, *inter alia*, *United States v. Afremov*, 2007 WL 2475972, at *2-3 (D. Minn. Aug. 27, 2007) (affirming denial of motion for bill of particulars in case alleging fraud and conspiracy) ("[W]hile the alleged concealment efforts, standing alone, lack the precision of the alleged fraudulent transactions, the Court finds they are sufficient in context to inform the defendants of the nature and the essential facts of the charges against them.")).

The indictment in this case is more than sufficiently detailed to allow Grygo to prepare her defense, and it has been supplemented by voluminous disclosures that have gone well beyond what the government is legally obligated to provide. The indictment not only contains language that tracks

4

the statutory elements of the offenses charged, but also provides extensive details regarding the criminal conduct alleged to form the basis of those charges.

For these reasons, the defendant's motion for a bill of particulars should be denied.

### B. Defendant's Motion for Discovery and *Brady* Material (Dkt. ##67, 68)

Defendant Grygo filed a motion for discovery and *Brady* material. Dkt. ##67, 68.

The crux of the defendant's discovery motion is that because of the volume of disclosures, the government should be ordered to "produce targeted discovery, specifically identifying documents directly relevant to the charges and issues in the case." However, the defendant has not pointed to any authority pointing to the proposition that the government must supplant the defense's review of produced documents and provide summaries or key documents.

Of course, the government remains willing to answer questions and assist the defense in locating evidence or categories of documents. Since meeting and conferring about the present motion, counsel for the government has me with the defense to discuss streamlining its review and making

materials available in the most efficient process. The government will continue to assist the defense in doing so.

With respect to the *Brady* prong of its motion, the defense contends that the government—the U.S. Attorney's Office—must disclose evidence possessed by various Minnesota state agencies, including DHS, DHHS/OIG, and the Minnesota AGO. To the extent that documents are within the possession, custody, and control of the investigative team, they will be or have been produced to the defense. However, the mere fact that the fraud may involve a state funded program does not extend the prosecution team to any state-related entity or agency.

Dated: October 22, 2025

                                      Respectfully Submitted,

                                      DANIEL N. ROSEN
                                      United States Attorney

                                      */s/ Harry M. Jacobs*

                                      BY: HARRY M. JACOBS
                                      Assistant U.S. Attorney