**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**
Criminal No. 0:24-CR-00337-KMM-JFD-1

UNITED STATES OF AMERICA

v.

SHAWN GRYGO, *ET AL.*

**JOINT MOTION TO CONTINUE**
**TRIAL AND EXTEND ASSOCIATED**
**DEADLINES**

Ms. SHAWN GRYGO, by and through her attorney of record, Mr. Joshua Sabert Lowther, Esq., and the United States of America, by and though its attorney of record, Assistant United States Attorney Matthew D. Evans, pursuant to 18 U.S.C. § 3161(h), respectfully move this Court to continue the trial in this case, and extend the associated deadlines, for not less than 120 days.

## I.   Relevant Procedural History

On December 18, 2024, a federal grand jury in this district indicted Ms. Grygo on one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count One), nine counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2 (Counts Two through Ten), and three counts of engaging in monetary transactions with proceeds of specified unlawful activity in violation of 18 U.S.C. § 1957 (Counts Eleven through Thirteen). (Indictment, ECF No. 1.)

On December 30, 2024, the Government moved this Court to designate the case as complex (Gov't's Unopposed Mot. to Designate Case as Complex Under

the Speedy Trial Act, ECF No. 30), which, on January 6, 2025, this Court granted (Order and Scheduling Order, ECF No. 31).

On October 6, 2025, Ms. Grygo moved this Court for discovery, *Brady* materials, and a bill of particulars. (Def.'s Mot. for a Bill of Particulars, ECF No. 65; Def.'s Mot. for Discovery and *Brady* Material, ECF Nos. 67–68; Def.'s Mem. of Law in Support of Mot. for Discovery and *Brady* Material, ECF No. 69; Meet and Confer Declaration, ECF No. 70.) On November 17, 2025, Magistrate Judge Docherty denied those motions. (Order, ECF No. 88.)

On December 1, 2025, Ms. Grygo objected to the magistrate judge's order. (Obj. to Magistrate Judge Docherty's Order (Doc. 88), ECF No. 90; Def.'s Mem. of Law in Support of Obj. to Magistrate Judge Docherty's Order (Doc. 88), ECF No. 91.)

On December 29, 2025, Mr. Joshua Sabert Lowther, Esq., moved for admission *pro hac vice* (Mot. for Admission *Pro Hac Vice*, ECF No. 94), which, on December 30, 2025, this Court granted (Order, ECF No. 95). On December 31, 2025, Mr. Lowther appeared as an attorney of record for Ms. Grygo. (Not. of Appearance, ECF No. 96.)

On January 12, 2026, this Court extended the Government's deadline to respond to Ms. Grygo's Objections to the Magistrate Judge's order to January 16, 2026 (Order, ECF No. 97), and on January 15, 2026, this Court, because of a

substitution of counsel for the Government, again extended that deadline to January 23, 2026 (Order, ECF No. 98).

On January 26, 2026, Assistant United States Attorney Matthew D. Evans, filed a notice of substitution as counsel for the Government. (Not. of Substitution, ECF No. 99.)

On February 6, 2026, the Government moved for a twenty-one-day extension to respond to Ms. Grygo's objections, noting both Ms. Grygo's and the Government's substitution of counsel. (Unopposed Mot. for Extension of Time to File Resp. to Appeal/Obj., ECF No. 100.) On February 9, 2026, this Court granted the motion. (Order, ECF No. 101.)

On February 27, 2026, the Government moved for an additional extension of time to respond to Ms. Grygo's objections, noting that

> [c]ounsel for the Government and counsel [for] Defendant Grygo have been diligently and collaboratively working to address the pending matter, which includes gathering evidence from third parties. . . .
>
> The parties have come to an understanding to resolve the pending matter without further action from the Court and are requesting this extension to afford the parties time necessary to effectuate this understanding.

(Unopposed Mot. for Extension of Time to File Resp. to Appeal/Obj., ECF No. 102.) On February 27, 2026, this Court granted the motion. (Order, ECF No. 103.)

On March 2, 2026, the Government moved for an additional extension of

time to file a response to Ms. Grygo's objections on the same grounds. (Unopposed Mot. for Extension of Time to File Resp. to Appeal/Obj., ECF No. 104.) On March 2, 2026, this Court granted the motion. (Order, ECF No. 105.)

On March 27, 2026, the Government moved for an additional extension of time to file a response to Ms. Grygo's objections, noting that the parties "believe [] recently produced evidence will moot the underlying dispute." (Unopposed Mot. for Extension of Time to File Resp. to Appeal/Obj., ECF No. 106.) The Court granted the motion on March 30, 2026. (Order, ECF No. 107.)

On April 10, 2026, Ms. Grygo moved to withdraw her Objections to Magistrate Judge Docherty's Order and her Defendant's Memorandum of Law in Support of Obj. to Magistrate Judge Docherty's Order (Doc. 88) (Mot. to Withdraw Documents, ECF No. 108), which, on that day, this Court granted (Order, ECF No. 109.).

On May 12, 2026, this Court, as it indicated at the status conference on December 2, 2025 (*see* Mins., ECF No. 92), set the trial to commence on July 13, 2026, and ordered that any motion for continuance must be filed by May 19, 2026. (Order, ECF No. 112.)

## II.    Factual Assertions

The attorneys of record for Ms. Grygo and the Government notified this Court of their appearances in this case on December 31, 2025, and January 26,

2026, respectively.  They have worked diligently to review the voluminous discovery in the case—which Ms. Grygo's attorney of record did not receive until February 3, 2026—in preparation for trial, and to be able to negotiate a possible resolution to the case without the necessity of a trial. Simultaneously, those attorneys of record have worked equally diligently to resolve a substantial discovery issue by mutual agreement, resulting in additional discovery for them to review.

The attorneys of record for the parties submit that they need additional time to complete their reviews of the discovery before they can be prepared for trial and for the submission of trial documents, e.g., exhibit and witness lists.

## III.   Memorandum of Law

The Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, excludes from the time in which a trial must commence

> [a]ny period of delay resulting from a continuance granted by any judge . . . at the request of the defendant . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial . . . . The factors, among others, which [this Court] shall consider in determining whether to grant a continuance [include] . . . [w]hether the failure to grant . . . a continuance . . . would deny counsel for the defendant or . . . the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(7)(A), (B)(iv). Furthermore, "a party who seeks a

continuance must show good cause . . . . A party who seeks continuance of a trial date must move for a continuance in writing." D. Minn. L.R. 6.1(a),(b).

The attorneys of record for the parties, based on the foregoing factual assertions, submit that a continuance of the trial and an extension of the associated deadlines for not less than 120 days are warranted, and would outweigh Ms. Grygo's and the public's interests in a speedy trial.

## IV.    Conclusion

The parties, based on the foregoing factual assertions and argument, prays that this Court continue the trial in this case, and extend the associated deadlines, for a period of not less than 120 days.

Date:        May 19, 2026

Respectfully submitted,

LOWTHER | WALKER LLC
Attorneys for Defendant
Shawn Grygo

*s/ Joshua Sabert Lowther*
Joshua Sabert Lowther, Esq.


DANIEL N. ROSEN
United States Attorney

*s/ Matthew D. Evans*
Matthew D. Evans
Assistant United States Attorney