**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**
Criminal No. 0:24-CR-00337-KMM-JFD-1

UNITED STATES OF AMERICA

v.

SHAWN GRYGO, *ET AL.*

**JOINT MOTION TO CONTINUE TRIAL AND EXTEND ASSOCIATED DEADLINES**

Ms. SHAWN GRYGO, by and through her attorney of record, Mr. Joshua Sabert Lowther, Esq., and the United States of America, by and through its remaining attorney of record, Assistant United States Attorney Eduardo Gardea Jr., pursuant to 18 U.S.C. § 3161, respectfully move this Court to continue the trial in this case and exclude the resulting Speedy Trial Act time for a period of approximately 120 days or as long as the Court deems appropriate. If granted, the parties also respectfully move for the associated pre-trial deadlines to be extended accordingly.

## I. Relevant Procedural History

On December 18, 2024, a federal grand jury in this district indicted Ms. Grygo on one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count One), nine counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2 (Counts Two through Ten), and three counts of engaging in monetary

transactions with proceeds of specified unlawful activity in violation of 18 U.S.C. § 1957 (Counts Eleven through Thirteen). (Indictment, ECF No. 1.)

On December 30, 2024, the Government moved this Court to designate the case as complex (Gov't's Unopposed Mot. to Designate Case as Complex Under the Speedy Trial Act, ECF No. 30), which, on January 6, 2025, this Court granted (Order and Scheduling Order, ECF No. 31).

On October 6, 2025, Ms. Grygo moved this Court for discovery, *Brady* materials, and a bill of particulars. (Def.'s Mot. for a Bill of Particulars, ECF No. 65; Def.'s Mot. for Discovery and *Brady* Material, ECF Nos. 67–68; Def.'s Mem. of Law in Support of Mot. for Discovery and *Brady* Material, ECF No. 69; Meet and Confer Declaration, ECF No. 70.) On November 17, 2025, Magistrate Judge Docherty denied those motions. (Order, ECF No. 88.)

On December 1, 2025, Ms. Grygo objected to the magistrate judge's order. (Obj. to Magistrate Judge Docherty's Order (Doc. 88), ECF No. 90; Def.'s Mem. of Law in Support of Obj. to Magistrate Judge Docherty's Order (Doc. 88), ECF No. 91.)

On December 29, 2025, Mr. Joshua Sabert Lowther, Esq., moved for admission *pro hac vice* (Mot. for Admission *Pro Hac Vice*, ECF No. 94), which, on December 30, 2025, this Court granted (Order, ECF No. 95). On December 31,

2025, Mr. Lowther appeared as an attorney of record for Ms. Grygo. (Not. of Appearance, ECF No. 96.)

On January 12, 2026, this Court extended the Government's deadline to respond to Ms. Grygo's Objections to the Magistrate Judge's order to January 16, 2026 (Order, ECF No. 97), and on January 15, 2026, this Court, because of a substitution of counsel for the Government, again extended that deadline to January 23, 2026 (Order, ECF No. 98).

On January 26, 2026, Assistant United States Attorney (AUSA) Matthew D. Evans, filed a notice of substitution as counsel for the Government. (Not. of Substitution, ECF No. 99.)

On February 6, 2026, the Government moved for a twenty-one-day extension to respond to Ms. Grygo's objections, noting both Ms. Grygo's and the Government's substitution of counsel. (Unopposed Mot. for Extension of Time to File Resp. to Appeal/Obj., ECF No. 100.) On February 9, 2026, this Court granted the motion. (Order, ECF No. 101.)

On February 27, 2026, the Government moved for an additional extension of time to respond to Ms. Grygo's objections, noting that

> [c]ounsel for the Government and counsel [for] Defendant Grygo have been diligently and collaboratively working to address the pending matter, which includes gathering evidence from third parties . . . .

> The parties have come to an understanding to resolve the pending matter without further action from the Court and are requesting this extension to afford the parties time necessary to effectuate this understanding.

(Unopposed Mot. for Extension of Time to File Resp. to Appeal/Obj., ECF No. 102.) On February 27, 2026, this Court granted the motion. (Order, ECF No. 103.)

On March 2, 2026, the Government moved for an additional extension of time to file a response to Ms. Grygo's objections on the same grounds. (Unopposed Mot. for Extension of Time to File Resp. to Appeal/Obj., ECF No. 104.) On March 2, 2026, this Court granted the motion. (Order, ECF No. 105.)

On March 27, 2026, the Government moved for an additional extension of time to file a response to Ms. Grygo's objections, noting that the parties "believe [] recently produced evidence will moot the underlying dispute." (Unopposed Mot. for Extension of Time to File Resp. to Appeal/Obj., ECF No. 106.) The Court granted the motion on March 30, 2026. (Order, ECF No. 107.)

On April 10, 2026, Ms. Grygo moved to withdraw her Objections to Magistrate Judge Docherty's Order and her Defendant's Memorandum of Law in Support of Obj. to Magistrate Judge Docherty's Order (Doc. 88) (Mot. to Withdraw Documents, ECF No. 108), which, on that day, this Court granted (Order, ECF No. 109.).

On May 12, 2026, this Court, as it indicated at the status conference on December 2, 2025 (*see* Mins., ECF No. 92), set the trial to commence on July 13,

2026, and ordered that any motion for continuance must be filed by May 19, 2026. (Order, ECF No. 112.)

On May 19, 2026, the parties moved this Court to continue the trial for not less than 120 days to allow Ms. Grygo's attorneys to complete their review of the original and supplemental discovery productions (Joint Mot. to Continue Trial and Extend Associated Deadlines, ECF No. 113). On June 24, 2026, this Court granted that motion, setting the trial for November 9, 2026. (Trial Not. and Final Pretrial Order, ECF No. 116). In doing so, the parties are cognizant that the Court noted that it would not grant any further trial continuances absent a substantial showing of good cause. (Status Conference Minutes, ECF No. 115.) Bearing that in mind, the parties respectfully submit that there is a substantial need for another continuance in this case.

Recently, in preparation for the currently set pre-trial deadlines, the undersigned AUSA was staffed to assist with this case. On August 18, 2026, the undersigned joined this case as co-counsel of record for the Government. However, due to unforeseen circumstances, the undersigned AUSA is now the only attorney of record for the Government in this case. And while a new AUSA will be formally entering an appearance, both remaining Government counsel are new to this case.

## II. Factual Assertions

The attorneys of record for Ms. Grygo have been reviewing the discovery in this case and preparing for trial diligently. However, the discovery is voluminous; the issues are complex; and they need additional time to complete their review of the discovery and to interview certain witnesses based on specific information in that discovery.

Separately, since joining this case approximately three (3) weeks ago, the undersigned AUSA has been in close contact with defense counsel, discussing the status and completeness of discovery productions to date and conferring as to potential areas of agreement and economy if this case were to proceed to trial. In addition, the Government has worked to staff this case with a new co-counsel, in order to assist with the necessary preparations and pretrial obligations ahead of that potential trial. Nevertheless, given the unexpected need to re-assign this case to new AUSAs, the Government respectfully submits that additional time is needed to adequately prepare this case for trial in a manner that preserves judicial resources and is consistent with the interests of justice.

Furthermore, the parties continue to confer meaningfully regarding a pretrial resolution to this case, and they submit that this Court's allowing them additional time to prepare for trial may result in their having sufficient time to reach such pretrial resolution.

## III. Memorandum of Law

The Speedy Trial Act, 18 U.S.C. § 3161, *et seq*., excludes from the time in which a trial must commence

> [a]ny period of delay resulting from a continuance granted by any judge . . . at the request of the defendant . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial . . . . The factors, among others, which [this Court] shall consider in determining whether to grant a continuance [include] . . . [w]hether the failure to grant . . . a continuance . . . would deny counsel for the defendant or . . . the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(7)(A), (B)(iv). Furthermore, "a party who seeks a continuance must show good cause . . . . A party who seeks continuance of a trial date must move for a continuance in writing." D. Minn. L.R. 6.1(a),(b).

The attorneys of record for the parties, based on the foregoing factual assertions, submit that a continuance of the trial and an extension of the associated pre-trial deadlines for approximately 120 days is warranted, and would outweigh Ms. Grygo's and the public's interests in a speedy trial.

## IV. Conclusion

The parties, based on the foregoing factual assertions and argument, pray that this Court continue the trial in this case, and extend the associated deadlines, for a period of not less than 120 days.

Date: September 11, 2026

Respectfully submitted,

LOWTHER | WALKER LLC
Attorneys for Defendant
Shawn Grygo

***s/ Joshua Sabert Lowther***
Joshua Sabert Lowther, Esq.

DANIEL N. ROSEN
United States Attorney

***s/ Eduardo Gardea***
Eduardo Gardea
Assistant United States Attorney